Filed 2/3/14  P. v. Johnson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE, | C073100 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F06058) |
| v. | |
| RICKY JOHNSON, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we note corrections that must be made to the abstract, but otherwise affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**PROCEDURAL AND FACTUAL BACKGROUND**

In September 2012, defendant was charged with possession of cocaine base for sale (Health & Saf. Code, § 11351.5; count one), possession of cocaine base while armed with a loaded firearm (Health & Saf. Code, § 11370.1, subd. (a); count two),  being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1); count three), and

1

carrying a loaded firearm (Pen. Code, § 25850, subd. (a); count four). The People further alleged defendant had a prior conviction for the sale and transportation of a controlled substance (Health & Saf. Code, §§ 11352, subd. (a), 11370.2, subd. (a)) and two prior strike convictions (Pen. Code, §§ 667, subds. (b)-(i), 1170.12).

Defendant pled no contest to the charge of being a felon in possession of a firearm and admitted one of the prior strike convictions. In exchange, the People agreed to a stipulated state prison sentence of four years and dismissal of the remaining charges and enhancement allegations.

At the plea hearing, the People offered the following as the factual basis for the plea: "On or about September 8th, 2012, in the County of Sacramento, the defendant did commit a felony violation of section 29800[, subdivision] (a)(1) of the Penal Code, in that the defendant did willfully and unlawfully possess and have control of a firearm, a loaded Taurus .357 revolver. The defendant having previously been convicted of a felony section 11352 of the Health and Safety Code on or about September 14th, 2001 in the Superior Court, State of California in the County of Sacramento."

Defendant was subsequently sentenced in accordance with his plea and ordered to pay various fines and fees, including a $40 court operations assessment (Pen. Code, § 1465.8) and a $30 conviction assessment (Gov. Code, § 70373). Defendant also was awarded 193 days of custody credit.

Defendant appeals; his request for a certificate of probable cause was denied.

### *WENDE* REVIEW

Appointed counsel filed an opening brief that sets forth the facts of the case and asked this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

However, our review of the record does reveals an error in the abstract of judgment.  Section 5 of the abstract, labeled "financial obligations" does not include either the $40 court operations assessment (formerly referred to as the court security fee) under Penal Code section 1465.8 or the $30 conviction assessment under Government Code section 70373.  Both of these fees were included in the court's oral rendition of judgment and both are mandatory fees.

Because these fees were orally pronounced, they are part of the judgment and should be included in the abstract of judgment.  (*People v. Zackery* (2007) 147 Cal.App.4th 380, 387-388.)  We, therefore, direct the trial court to correct the abstract of judgment.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [appellate courts may order correction of abstract of judgment that does not accurately reflect the oral judgment of the sentencing court].)

## DISPOSITION

The trial court is directed to correct the abstract of judgment to include the $40 court operations assessment (Pen. Code, § 1465.8) and the $30 conviction assessment (Gov. Code, § 70373).  The trial court is further directed to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation. The judgment is affirmed as corrected.

                                                             MURRAY        , J.

We concur:


       RAYE       , P. J.


       ROBIE       , J.